922 F.2d 843
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
LES ALLOTT, INC., an Illinois Corporation, Plaintiff-Appellant,
v.
VILLAGE OF HOPKINS PARK, a/k/a, Village of Pembroke, a
municipal Corporation, Richard H. Lyng, Secretary of the
United States of America Department of Agriculture, Illinois
Environmental Protection Agency, and Vipin C. Mehta,
individually, Mehta & Associates, Ltd., an Illinois
Corporation, Defendants-Appellees.
 No. 89-3074.
 United States Court of Appeals, Seventh Circuit.
 Argued June 7, 1990.
Decided Jan. 4, 1991.
 
 Before COFFEY and RIPPLE, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 The federal government and the state of Illinois jointly funded a local waste-water facility project. During the course of construction on the project, a dispute arose concerning the contractor-plaintiff's performance. As a result, the plaintiff asserted state claims against the local municipality for breach of contract and also maintained federal claims against the project's architect and engineer for violation of the Racketeering Influenced and Corrupt Organization Act, and against the municipality, state, and federal government entities for imposition of equitable liens on undisbursed funds retained by those entities. The district court dismissed the federal claims as well as the pendent state claims. The plaintiff appeals that judgment. For the following reasons we affirm in part and vacate and remand in part.
 
 
 2
 * BACKGROUND
 
 
 3
 Les Allott, Inc. (Allott), a general contractor, entered into a contract with the Village of Hopkins Park (Village) to construct a waste-water-treatment facility. This project was funded in part by loans and grants from the United States Department of Agriculture (USDA) and the Illinois Environmental Protection Agency (IEPA). Mehta & Associates, Ltd., (Mehta)[1] was the architect and engineer for the project. During the course of construction, Mehta reviewed Allott's performance and apparently found it lacking in some respects. The dispute over Allott's performance became the subject of a state court action and arbitration proceedings.
 
 
 4
 In addition, Allott filed this five count federal suit naming various defendants. Count I was a breach of contract claim against the Village. Count II set forth a claim for enforcement of an arbitration award that allegedly had been entered against the Village pursuant to the contract. Count III was a claim for equitable lien against funds held by both the Village and Richard H. Lyng, as Secretary of the USDA. The USDA allegedly held undisbursed funds pursuant to its grant program, which partially funded the project. Count IV asserted a similar equitable lien claim against the Village and the IEPA. Finally, Count V was a claim against Mehta that alleged a violation of section 1962(c) of the Racketeering Influenced and Corrupt Organization Act (RICO), 18 U.S.C. Sec. 1962(c). It alleged a scheme to defraud Allott of his rights under the contract through use of the United States mails.
 
 
 5
 Relying on our decision in Brandt v. Schal Associates, Inc., 854 F.2d 948, 952 (7th Cir.1988), the district court first dismissed Count V (the RICO claim). It held that Allott merely had alleged "multiple acts in furtherance of a single episode of fraud," rather than the requisite "pattern of racketeering activities." Later, the court concluded that Counts III and IV were state claims for breach of contract rather than federal question claims, as Allott had contended. Consequently, the court dismissed those claims and the pendent state claims in Counts I and II. Allott filed a timely notice of appeal.
 
 II
 ANALYSIS
 A. RICO Claim
 
 6
 The district court dismissed Allott's RICO claim for failure to state a claim upon which relief can be granted. See Fed.R.Civ.P. 12(b)(6). The grant of a motion to dismiss is reviewed de novo. Villegas v. Princeton Farms, Inc., 893 F.2d 919, 924 (7th Cir.1990); Corcoran v. Chicago Park Dist., 875 F.2d 609, 611 (7th Cir.1989). It is well settled that, when reviewing the grant of a motion to dismiss, we must assume the truth of all well-pleaded factual allegations and make all possible inferences in favor of the plaintiff. Janowsky v. United States, 913 F.2d 393, 395 (7th Cir.1990); Rogers v. United States, 902 F.2d 1268, 1269 (7th Cir.1990). A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
 
 
 7
 The district court dismissed Allott's RICO claim because it failed to allege a pattern of racketeering activity. In H.J., Inc. v. Northwestern Bell Telephone Co., 109 S.Ct. 2893 (1989), the Supreme Court reaffirmed its holding in Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496 n. 14 (1985), that the pattern element requires that the allegations of a complaint meet the "continuity plus relationship" test. See Hartz v. Friedman, No. 90-1042, slip op. at 4 (7th Cir. Dec. 4, 1990).[2] Allott fails the continuity prong of this test. After reviewing the complaint, it is apparent to us that Allott's alleged "pattern" relates solely to Mehta's supervision of Allott's work on the single construction project at issue in this case. "Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement: Congress was concerned in RICO with long-term criminal conduct." H.J., Inc., 109 S.Ct. at 2902. There is no allegation that Mehta's fraudulent activities would continue beyond the instant project or injure anyone other than Allott.[3] The district court properly concluded that Allott's claim is very similar to the one we rejected in Brandt v. Schal Assocs., Inc., 854 F.2d 948 (7th Cir.1988). In Brandt, a building subcontractor's assignee contended that numerous mailings and acts arising from a dispute over the subcontractor's performance on a single building project constituted a "pattern." We did not accept that argument and instead concluded that the "allegations posit only multiple acts in furtherance of a single episode of fraud ... against a single victim." Id. at 952. Based on our review of the record, we conclude that Allott has failed to plead the continuity element necessary to show a pattern of racketeering activity and thus the district court properly dismissed Allott's RICO claim.
 
 B. Subject Matter Jurisdiction
 
 8
 The district court dismissed Counts III and IV for lack of subject matter jurisdiction. In the district court's view, these claims raised no federal question but were state law claims. Nevertheless, Allott continues to contend that his equitable lien claims present federal questions pursuant to 28 U.S.C. Sec. 1331.[4] In essence, Allott asserts that the USDA, the IEPA, and the Village are in possession of undistributed funds owed to Allott under the contract and as a result are being unjustly enriched. Allott asserts that the parties' obligations are not rooted in the contract, but rather on "equitable rights generated by a course of activities pursuant to statute ... dependent upon federal common law when the questioned course of activities are administered by the Secretary of an executive department pursuant to federal statute." Appellant's Br. at 15. To support this assertion, Allott relies almost exclusively on the analysis employed in Trans-Bay Engineers & Builders, Inc. v. Hills, 551 F.2d 370 (D.C.Cir.1976).
 
 
 9
 Events occurring subsequent to the filing of this appeal cause us to question whether we ought to address Allott's contention. There appears to be a more fundamental barrier to our review of these claims--the case or controversy requirement of Article III. At oral argument, counsel for Allott and counsel for the United States disagreed with respect to the present status of funds allocated by the federal government for the project at issue. Subsequently, we issued an order directing the parties to address: (1) whether any of the funds that were allegedly allocated or due for the project remain in the control, jointly or severally, of the United States; (2) whether the controversy, as it relates to the United States, is moot if no funds remain in the control of the government. In response, the USDA provided an affidavit of the Farmers Home Administration's Acting State Director (Director). (The USDA acted through the Farmers Home Administration in funding the project.) The Director stated that no undisbursed funds remain in accounts controlled by the federal government or any accounts held jointly with other parties. The Director stated that the construction account under the joint control of the Village and the federal government was closed on September 22, 1989 (approximately one month after entry of judgment in the district court and one day after the filing of the notice of the appeal). Allott proffered no evidence to the contrary but indicated that it lacks the necessary information to apprise this court of the current status of the disputed funds.
 
 
 10
 In light of these developments, the alleged basis for federal question jurisdiction under Counts III and IV may now be moot. Therefore, we vacate the judgment of the district court as to those counts and remand the case with instructions to determine whether the claims upon which federal question jurisdiction is premised are now moot.[5]
 
 Conclusion
 
 11
 For the foregoing reasons we affirm the judgment of the district court in part and vacate and remand in part. The parties shall bear their own costs in this court.
 
 
 12
 AFFIRMED IN PART AND VACATED AND REMANDED IN PART.
 
 
 
 [1]
 Mehta is a one-person corporation, whose principal is Vipin C. Mehta. Mr. Mehta is also a defendant in this action
 
 
 [2]
 See also United States Textiles, Inc. v. Anheuser-Busch Cos, Inc., 911 F.2d 1261, 1269 (7th Cir.1990); New Burnham Prairie Homes, Inc. v. Village of Burnham, 910 F.2d 1474, 1478-79 (7th Cir.1990); Olive Can Co. v. Martin, 906 F.2d 1147, 1151 (7th Cir.1990); Management Computer Servs., Inc. v. Hawkins, Ash, Baptie & Co., 883 F.2d 48, 51 (7th Cir.1989); Sutherland v. O'Malley, 882 F.2d 1196, 1205 (7th Cir.1989)
 
 
 [3]
 See New Burnham Prairie Homes, Inc. v. Village of Burnham, 910 F.2d 1474, 1478-79 (7th Cir.1990) (one injury to one plaintiff and no threat of future fraud presented no pattern)
 
 
 [4]
 Section 1331 provides that "[t]he district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."
 
 
 [5]
 Should the district court determine that the equitable lien claim is moot, we assume the court will follow its original disposition of the case and dismiss Counts I and II, the pendent state law claims. Accordingly, in light of our conclusion that the district court properly dismissed Count V, this entire case would appropriately be dismissed from the district court. See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)